UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT LEE CARTER, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05CV01282 ERW |
| | ) |
| JAMES NICHOLSON, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Robert Lee Carter, Sr. for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint and amended complaint**

Plaintiff seeks monetary relief in this action against defendants James Nicholson ("Secretary of the V.A.") and Robert Epley ("Director St. Louis V.A. Regional Center"). Liberally construing the complaint and amended complaint, plaintiff is seeking judicial review of the denial of his claim for veterans' benefits.

**Discussion**

This Court is without subject matter jurisdiction over the instant action. Congress has established an exclusive review procedure for veterans' benefits determinations which precludes review of benefit determinations in federal district courts. See 38 U.S.C. § 511.[1]

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process

---

[1] Under the Veterans' Judicial Review Act, after the Secretary of Veterans' Affairs makes a decision on the award of veterans' benefits, a veteran may file an appeal with the Board of Veterans' Appeals. See 38 U.S.C. § 7105. The Board's decision constitutes the Secretary's final determination, 38 U.S.C. § 7104, which may then be appealed to the United States Court of Appeals for Veterans' Claims, 38 U.S.C. § 7252. Decisions of the Court of Veterans' Appeals relative to certain questions of law may be appealed, but only to the United States Court of Appeals for the Federal Circuit. See 38 U.S.C. § 7292 (c), (d).

to issue upon the complaint or amended complaint, because the Court lacks subject matter jurisdiction over this action. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

So Ordered this 31st Day of August, 2005.

                                              *E. Richard Webber*
                                              _____
                                              **E. RICHARD WEBBER**
                                              **UNITED STATES DISTRICT JUDGE**